UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13CV-P188-M

**DALE ALLEN MAISH**                                                             **PLAINTIFF**

**v.**

**MATT MUTTER** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Dale Allen Maish filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*.[1] This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

## I.

Plaintiff is a convicted inmate at the Barren County Detention Center (BCDC). He sues Matt Mutter, whom he identifies as the "Head Jailer" of BCDC; Tracy Bellamy, the BCDC Chief Deputy; and Justin Hayes, a BCDC sergeant. He sues each Defendant in his or her individual and official capacities. As grounds for the complaint, Plaintiff states as follows:

> I . . . have asked several times to go to the law library to do research on time limits of parole board hearings and they say they don't have one. But they will do the research for me.! Well I ask them what is the time frame then & they say there is none! Well there is one so no one is doing no research for us! So my due process rights have been violated because these people fail to have adaquate law material for inmates at a Class D facility which is apart of DOC!

As relief, Plaintiff seeks compensatory and punitive damage and injunctive relief.

---

[1] Plaintiff originally filed this action jointly with another inmate, Daniel Lee Creech. However, by Order entered March 7, 2014, the claims by Creech were dismissed pursuant to Fed. R. Civ. P. 41(b), and he was terminated as a party to this action.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a viable claim for interference with access to the courts under the First Amendment, Plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). In other words, a plaintiff must plead and demonstrate that denial of access to legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "Examples of actual

2

prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Id.* (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)).

Here, while Plaintiff alleges he sought legal materials regarding the "time limits of parole board hearings," he does state whether or how the denial of access to legal materials actually caused him any injury or prejudice to a nonfrivolous legal claim. Therefore, he fails to state a First Amendment claim.

Plaintiff alleges the denial of access to a law library and legal materials violated his rights under the Due Process Clause. However, without injury from the alleged lack of law library or legal materials, Plaintiff does not have standing to bring a due process claim. *See Bradley v. Mason*, 833 F. Supp. 2d 763, 773 (N.D. Ohio 2011). "Furthermore, the lack of a law library does not per se deny the accused due process." *Id.* As Plaintiff does not allege an injury, his due process claim fails to state a claim and will be dismissed.

**IV.**

As the complaint fails to state a constitutional violation, Plaintiff's claims against Defendants in their individual and official capacities will be dismissed. The Court will enter a separate Order dismissing the action.

Date: April 23, 2014

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
4414.010

3